

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,704-01

### EX PARTE JIMMY PORRAS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W06-19430-U(A) IN THE 291ST DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant originally pleaded guilty to aggravated sexual assault of a child in exchange for five years' deferred adjudication community supervision. After various extensions of the period of community supervision, Applicant eventually entered an open plea of true to violating the terms of his community supervision. He was adjudicated guilty and sentenced to eighteen years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Porras v. State*, No. 05-18-01108-CR. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his adjudication counsel was ineffective because counsel advised Applicant to reject a plea offer that would have resulted in the minimum

possible five-year prison sentence, and instead advised Applicant to enter an open plea of true. Applicant alleges that adjudication counsel advised him that the adjudicating court would likely sentence him to time served if he entered an open plea of true. Instead, the trial court sentenced Applicant to eighteen years' imprisonment.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall obtain an affidavit from the trial prosecutor, detailing what plea offers, if any, the prosecutor extended in exchange for Applicant's plea of true at adjudication. The trial court shall also order adjudication counsel to respond to Applicant's claims. Specifically, adjudication counsel shall state whether he communicated any plea offers to Applicant at the adjudication stage, and shall state what advice, if any, he gave to Applicant with regard to whether Applicant should plead true pursuant to a plea agreement, go to a contested adjudication hearing, or enter an open plea of true to the trial court.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether adjudication counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from

the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:                                    April 27, 2022
Do not publish